# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ATHA BEATTY,
    Plaintiff,

v.                                                                                                     Case No. 06-C-0942

WISCONSIN DEPARTMENT OF CORRECTIONS,
and RICK LYON,
    Defendants.

## DECISION AND ORDER

Plaintiff, Atha Beatty, filed this pro se civil rights complaint under 42 U.S.C. § 1983. This matter comes before me on plaintiff's petition for leave to proceed in forma pauperis.

### I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $6.16.[2] Thus, plaintiff will be permitted to proceed in forma pauperis. The balance of the filing fee will be collected as set forth below.

## II. SCREENING

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

---

[2]To date, plaintiff has paid $12.32 of the filing fee.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47).

**A.    Background**

Plaintiff is currently incarcerated at Stanley Correctional Institution. The complaint names Rick Lyon, a parole agent, and the Wisconsin Department of Corrections (DOC) as defendants.

From November 19, 2005, to February 2, 2006, plaintiff was housed at the Ozaukee County Jail in Port Washington, Wisconsin. During plaintiff's incarceration at the jail, defendant Lyon, plaintiff's parole agent, "admittedly removed" plaintiff's mail from his house without his consent. As a result of defendant Lyons' actions, plaintiff: (1) had to make unnecessary phone calls; (2) lost focus on "a legal defense" in a case involving Lyons and the DOC; and (3) suffered "emotional distress, mental anguish, invasion of his privacy and loss of his freedom." Plaintiff avers that the DOC is liable for Lyon's actions because the

3

DOC is Lyon's employer and the DOC was representing Lyon when the alleged wrongdoing occurred.

Plaintiff accuses defendant Lyon of committing a federal offense. Id. at 8. Plaintiff further states that Lyon acted deliberately and his actions caused plaintiff to suffer emotional distress and mental anguish. For relief, plaintiff demands compensatory and punitive damages.

**B.     Analysis**

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

Plaintiff alleges that the removal of mail from his mailbox without his consent is a federal offense. Based on this, it appears that plaintiff wishes for defendant Lyon to be criminally prosecuted. The Executive Branch has the "exclusive authority and absolute discretion to decide whether to prosecute cases." United States v. Nixon, 418 U.S. 683, 693 (1974). Further, a private citizen, such as the plaintiff, has no standing to sue based on any interest in prosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, plaintiff may not proceed on a criminal claim against defendant Lyon.

Plaintiff further charges that defendant Lyon's actions prejudiced plaintiff's case involving Lyon and the DOC. Specifically, as a result of Lyon's actions, plaintiff had to make unnecessary phone calls, he lost focus during his case against Lyon and the DOC, he

4

suffered mental and emotional pain, his privacy was invaded and he lost his freedom. It is well established that prisoners have a constitutional right to adequate, effective, and meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824 (1977); Lewis v. Casey, 518 U.S. 343, 350-54 (1996). This right is also extended to pretrial detainees. Johnson v. Brelje, 701 F.2d 1201, 1207 (7th Cir. 1983)(abrogated on other grounds by Maust v. Headley, 959 F.2d 644, 648 (7th Cir. 1992). To state a claim for denial of access to the courts, the complaint must "spell out, in minimal detail," the connection between the alleged denial of access to the courts and an inability to "pursue a legitimate challenge to a conviction, sentence, or prison conditions." Pratt v. Tarr, 464 F.3d 730 (7th Cir. 2006). Based on the foregoing, plaintiff's allegations state an access to the courts claim.

Finally, plaintiff asserts that defendant Lyon violated his right to privacy. "The Fourth Amendment protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" United States v. Patterson, 65 F.3d 68, 70 (7th Cir. 1995). State action constitutes a "search" within the meaning of the Fourth Amendment if the government infringes upon "a constitutionally protected reasonable expectation of privacy." Andree v. Ashley County, 818 F.2d 1306, 1315 (7th Cir. 1987) (quoting Katz v. United States, 389 U.S. 347, 360 (1967)). The Supreme Court has held that the public has a legitimate expectation of privacy in letters and packages sent via mail. United States v. Jacobson, 466 U.S. 109, 114 (1984). Thus, plaintiff may proceed on a Fourth Amendment unlawful search claim against defendant Lyon.

Plaintiff next alleges that defendant DOC is responsible for Lyon's unconstitutional acts because Lyon is employed by the DOC. The doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. Pacelli v.

5

DeVito, 972 F.2d 871, 877 (7th Cir. 1992); see also Monell v. Dep't of Social Serv's, 436 U.S. 658, 694 (1978) (a local government may not be sued for an injury inflicted solely by its employees or agents). Thus, plaintiff may not pursue a claim against the DOC predicated on its supervisory liability over defendant Lyon.

Dismissal of this claim is further warranted because plaintiff seeks to collect monetary damages from the DOC. The Eleventh Amendment bars suits for damages in federal court against unconsenting states unless Congress has exercised its power to override the immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Moreover, the state is not a person suable under 42 U.S.C. § 1983. Id. at 66-67, 71. Therefore, I will dismiss plaintiff's claim against the DOC.

### III. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant Wisconsin Department of Corrections is **DISMISSED.**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that defendant shall file a responsive pleading to the complaint.

6

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $337.68 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 11 day of April, 2007.

/s_____
LYNN ADELMAN
District Judge

8